Fleming, Judge,
This case stands upon very different ground from that of an application for a new road. For the road here had, previously, been opened by W. Mayo the proprietor for the use of the community j and the application to establish it as a public highway was made by himself: the appointment of a surveyor therefore was, necessarily, sanctioned by him s and that was sufficient. For it is not, as the counsel of the appellant supposed, on account of the public, but of the owner, that the formalities in the statute are prescribed. If he chooses to waive them, he may; and, if the court approve of the road, all they have to do is to accept of it; which, in the present case, was done by appointing the surveyor. I concur, therefore, that the judgment of the district court should be reversed, and the order of the county court affirmed.
Lyons, Judge. In 1760, Mayo petitioned for the road, and viewers were appointed, but no report was made; and it does not appear, that any further proceedings were ever had upon the petition, which was probably dropt, as there is no order of court establishing the road. It was said, however, that it might have been a road prior to the year 1748; but that idea is refuted by the petition in 1760; for why petition for the establishment of it, at that time, if it was a road before ? It was next urged, that the constant habit of appointing surveyors shews that it was a public highway. To which I answer, in the first place, that if there had been such a habit, the appointments would have been nugatory, *378 and would have proved nothing; for the law only authorized the court to appoint to established roads, and there could be none, unless they appeared of record. But there was no such constant habit; for, although the law required annual appointments, it appears that only three had been made for this road; one in 1761, and two, many years afterwards, that is to say, in 1777 and 1779 ; both in tempestuous times, and probably obtained by surprize, when those, whose interest it was to oppose them, were absent. Such long intervals are not to be accounted for’upon any other principle, than that it was not regarded as a public road; and they prove the propriety of demanding a record, when such manifest injury is to be imposed upon an individual. It is in vain to say, that W. Mayo, by petitioning, gave his consent to the road ; for he was at liberty to retract it, at any time, before establishment; and probably did so, as he took no steps to have the order of view carried into effect; and it is very likely that, not only the order in 1761, appointing the surveyor was made without his knowledge, but that the discontinuance of it afterwards,-first for .upwards of sixteen years, and then for more than twenty, was occasioned by the opposition of himself and his representatives. The argument of presumption, therefore, loses all its weight; for the inference against the establishment, is at least as strong as that in favour of it; and, if they balance, the law should prevail. Under this view of the subject, I cannot consent that the rights of property should be invaded, and the proprietor put to the excessive inconvenience of having a public highway through his plantation, as'there is nothing to shew that the necessary steps, to produce that effect, were ever taken. My opinión, therefore, is,'that the judgment of the district court, is right, and ought to be affirmed; but, as a majority of the judges think otherwise, it is to be reversed, and the order of the county court affirmed.